



## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| JACQUELINE CRAIG, INDIVIDUALLY AND ON BEHALF OF MINORS, J.H., K.H., AND A.C., AND BREA HYMOND, INDIVIDUALLY<br>    *Plaintiffs,*<br>*v.*<br><br>CITY OF FORT WORTH, TEXAS, WILLIAM D. MARTIN, AND ITAMAR VARDI,<br>    *Defendants.* | § § § § § § § § § § | CIVIL ACTION NO.<br><br>**4:17-CV-01020-A** |

---

### DEFENDANT CITY OF FORT WORTH'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Defendant City of Fort Worth (hereinafter "Defendant City"), and files its Original Answer to Plaintiffs' Original Complaint, and would answer as follows:

### I.
### ANSWER

1.     Defendant City denies the averments contained in Paragraph 1 of Plaintiffs' Original Complaint.

2.     Defendant City denies the averments contained in Paragraph 2 of Plaintiffs' Original Complaint.

3.     Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 3 of Plaintiffs' Original Complaint, and therefore must deny.

4.      Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 4 of Plaintiffs' Original Complaint, and therefore must deny.

5.      Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 5 of Plaintiffs' Original Complaint, and therefore must deny.

6.      Defendant City admits the averments contained in Paragraph 6 of Plaintiffs' Original Complaint.

7.      Defendant City admits that Defendant Officer Martin is employed as a Fort Worth Police Officer and was acting under the color of law during the events complained of in Plaintiffs' Original Complaint.   Defendant City further admits that the Fort Worth Police Department is maintained and managed by the City of Fort Worth in the interest of public safety for its residents.   Defendant City denies the remaining averments contained in Paragraph 7 of Plaintiffs' Original Complaint.

8.      Defendant City admits the averments contained in Paragraph 8 of Plaintiffs' Original Complaint.

9.      Defendant City admits the averments contained in Paragraph 9 of Plaintiffs' Original Complaint.

10.     Defendant City admits that Defendant Officer Martin may be served at his place of employment as an officer of the Fort Worth Police Department.   Defendant City further admits that Defendant Officer Martin is a resident of Fort Worth, Texas.   To the extent that Officer Martin was in compliance with federal and state laws and the General Orders of the Police Department then the Defendant City admits that Defendant Martin was acting under the

color of law.  To the extent that Officer Martin was not in compliance with federal and state law and the General Orders of the Fort Worth Police Department then Officer Martin was not acting under the color of law.  Defendant City denies the remaining averments contained in Paragraph 10 of Plaintiffs' Original Complaint.

11.    Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 11 of Plaintiffs' Original Complaint, and therefore must deny.

12.    Defendant City denies that Plaintiffs were deprived of any of their constitutional rights or that it engaged in any illegal conduct that would make it liable to Plaintiff for any damages.  The remainder of Paragraph 12 of Plaintiffs' Original Complaint is not the type of averment to be admitted or denied.

13.    Defendant City admits the averments contained in Paragraph 13 of Plaintiffs' Original Complaint.

14.    Defendant City admits the averments contained in Paragraph 14 of Plaintiffs' Original Complaint.

15.    Defendant City admits that Officer Martin was acting under color of law at the time of the incident to the extent that he was acting in compliance with state and federal law and within the policies of the City of Fort Worth.  Defendant City denies it deprived Plaintiffs of any of their constitutional rights, or that it engaged in any wrongs or illegal conduct that caused injuries or would make it liable to Plaintiff for any damages.  Defendant City denies the remaining averments contained in Paragraph 15 of Plaintiffs' Original Complaint.

16.    Defendant City admits that Defendant Vardi was issued a Class C citation for Assault by Contact.  Defendant City is without sufficient knowledge or information to admit or

deny the remaining averments contained in Paragraph 16 of Plaintiffs' Original Complaint, and therefore must deny.

17.     Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 17 of Plaintiffs' Original Complaint, and therefore must deny.

18.     Defendant City admits that a video shows Plaintiff Jacqueline Craig preventing another man from confronting Defendant Vardi.  Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 18 of Plaintiffs' Original Complaint, and therefore must deny.

19.     Defendant City admits that Officer Martin was dispatched to Plaintiffs' residence and that Officer Martin learned of outstanding warrants on Plaintiff Jacqueline Craig through a routine records check.  Defendant City further admits that Officer Martin spoke with Defendant Vardi at the scene and that he prepared a report concerning the encounter.  Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 19 of Plaintiffs' Original Complaint, and therefore must deny.

20.     Defendant City admits the averments contained in Paragraph 20 of Plaintiffs' Original Complaint.

21.     Defendant City admits that Plaintiff J.H. stepped in between Officer Martin and Jacqueline Craig as Officer Martin attempted to arrest her.  Defendant City admits that Officer Martin pointed his Taser at Plaintiff Craig as he ordered her to the ground.  Defendant City denies the remaining averments contained in Paragraph 21 of Plaintiffs' Original Complaint.

22.     Defendant City admits that Plaintiff Craig and Plaintiff J.H. were handcuffed at the scene and that he pointed his Taser at the Plaintiffs during the process.  Defendant City denies the remaining averments contained in Paragraph 22 of Plaintiffs' Original Complaint.

23.     Defendant City admits that Defendant Martin placed Plaintiff Craig and Plaintiff J.H. in his police vehicle.  Defendant City admits that Defendant Martin used his feet to guide Plaintiff J.H.'s feet into the vehicle after telling her to get in the car.  Defendant City denies the remaining averments contained in Paragraph 23 of Plaintiffs' Original Complaint.

24.     Defendant City denies that an assault took place during this incident.  Defendant City admits that a person confronted Officer Martin while at his police vehicle and that Officer Martin pushed the person away from him.  Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 24 of Plaintiffs' Original Complaint, and therefore must deny.

25.     Defendant City admits that Brea Hymond recorded the incident with her cellular device.  Defendant City denies that an assault took place.  Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 25 of Plaintiffs' Original Complaint, and therefore must deny.

26.     Defendant City admits Plaintiff Hymond was arrested and placed in a police vehicle because Officer Martin believed that she had struck him.  Defendant City admits that after Plaintiff Hymond was handcuffed that Officer Martin lifted her arms in a pan-compliance technique.  Defendant City admits that Hymond was placed in another officer's police car.  Defendant City denies the remaining averments contained in Paragraph 26 of Plaintiffs' Original Complaint.

27.     Defendant City admits that Plaintiffs Craig and Hymond were taken into police custody and subsequently charged with various offenses alleged in Paragraph 27 of Plaintiffs' Original Complaint.   Defendant City admits that Plaintiff J.H. was taken into custody but released without being charged with any crime.  Defendant City denies the remaining averments contained in Paragraph 27 of Plaintiffs' Original Complaint.

28.     Defendant City admits the comments by Captain Edwin Kraus in the incident report as alleged in Paragraph 28 of Plaintiffs' Original Complaint.  Defendant City denies the remaining averments contained in Paragraph 28 of Plaintiffs' Original Complaint.

29.     Defendant City admits that Martin was given a ten-day suspension for multiple violations of Fort Worth Police Department policies.   Defendant City denies the remaining averments contained in Paragraph 29 of Plaintiffs' Original Complaint.

30.     Defendant City admits that Chief of Police Joel Fitzgerald found that Martin used excessive force on Brea Hymond.  Defendant City denies the remaining averments contained in Paragraph 30 of Plaintiffs' Original Complaint.

31.     Defendant City denies the averments contained in Paragraph 31 of Plaintiffs' Original Complaint.

32.      Defendant City denies the averments contained in Paragraph 32 of Plaintiffs' Original Complaint.

33.     Defendant City denies the averments contained in Paragraph 33 of Plaintiffs' Original Complaint.

34.     Defendant City denies the averments contained in Paragraph 34 of Plaintiffs' Original Complaint.

35.     Defendant City denies the averments contained in Paragraph 35 of Plaintiffs' Original Complaint.

36.     To the extent that the City has denied the averments in the preceding paragraphs, they are denied herein in response to Paragraph 36 of Plaintiffs' Original Complaint.

37.     Paragraph 37 of Plaintiffs' Original Complaint is not the type of averment to be admitted or denied.

38.     Defendant City admits the averments contained in Paragraph 38 of Plaintiffs' Original Complaint.

39.     Defendant City admits the averments contained in Paragraph 39 of Plaintiffs' Original Complaint.

40.     Defendant City denies the averments contained in Paragraph 40 of Plaintiffs' Original Complaint.

41.     Defendant City denies the averments contained in Paragraph 41 of Plaintiffs' Original Complaint.

42.     Defendant City denies the averments contained in Paragraph 42 of Plaintiffs' Original Complaint.

43.     Defendant City denies the averments contained in Paragraph 43 of Plaintiffs' Original Complaint.

44.     Defendant City denies the averments contained in Paragraph 44 of Plaintiffs' Original Complaint.

45.     Defendant City denies the averments contained in Paragraph 45 of Plaintiffs' Original Complaint.

46.    Defendant City denies the averments contained in Paragraph 46 of Plaintiffs' Original Complaint.

47.    Defendant City denies the averments contained in Paragraph 47 of Plaintiffs' Original Complaint.

48.    Defendant City denies the averments contained in Paragraph 48 of Plaintiffs' Original Complaint.

49.    Defendant City denies the averments contained in Paragraph 49 of Plaintiffs' Original Complaint.

50.    Defendant City denies the averments contained in Paragraph 50 of Plaintiffs' Original Complaint.

51.    Defendant City denies the averments contained in Paragraph 51 of Plaintiffs' Original Complaint.

52.    Defendant City denies the averments contained in Paragraph 52 of Plaintiffs' Original Complaint.

53.    Defendant City denies the averments contained in Paragraph 53 of Plaintiffs' Original Complaint.

54.    Defendant City denies the averments contained in Paragraph 54 of Plaintiffs' Original Complaint.

55.     Defendant City denies the averments contained in Paragraph 55 of Plaintiffs' Original Complaint.

56.    Defendant City denies the averments contained in Paragraph 56 of Plaintiffs' Original Complaint.

57.     Defendant City denies the averments contained in Paragraph 57 of Plaintiffs' Original Complaint.

58.     Defendant City denies the averments contained in Paragraph 58 of Plaintiffs' Original Complaint.

59.     Defendant City denies the averments contained in Paragraph 59 of Plaintiffs' Original Complaint.

60.     Defendant City denies the averments contained in Paragraph 60 of Plaintiffs' Original Complaint.

61.     Defendant City denies the averments contained in Paragraph 61 of Plaintiffs' Original Complaint, including sub-paragraphs (a) – (h).

62.     Defendant City denies the averments contained in Paragraph 62 of Plaintiffs' Original Complaint.

63.     Defendant City denies the averments contained in Paragraph 63 of Plaintiffs' Original Complaint.

64.     Defendant City denies the averments contained in Paragraph 64 of Plaintiffs' Original Complaint.

65.     Defendant City denies the averments contained in Paragraph 65 of Plaintiffs' Original Complaint.

66.     Defendant City denies the averments contained in Paragraph 66 of Plaintiffs' Original Complaint.

67.     Defendant City denies the averments contained in Paragraph 67 of Plaintiffs' Original Complaint.

68.     Defendant City denies the averments contained in Paragraph 68 of Plaintiffs' Original Complaint.

69.     Defendant City denies the averments contained in Paragraph 69 of Plaintiffs' Original Complaint.

70.     To the extent that the City has denied the averments in the preceding paragraphs, they are denied herein in response to Paragraph 70 of Plaintiffs' Original Complaint.

71.     Defendant City admits that Defendant Martin was acting under color of law to the extent that he was acting in compliance with federal and state law and the policies of the Fort Worth Police Department.   Defendant City denies the remaining averments contained in Paragraph 71 of Plaintiffs' Original Complaint.

72.     Defendant City denies the averments contained in Paragraph 72 of Plaintiffs' Original Complaint.

73.     Defendant City denies the averments contained in Paragraph 73 of Plaintiffs' Original Complaint.

74.     Defendant City denies the averments contained in Paragraph 74 of Plaintiffs' Original Complaint.

75.     Defendant City denies the averments contained in Paragraph 75 of Plaintiffs' Original Complaint.

76.     Defendant City denies the averments contained in Paragraph 76 of Plaintiffs' Original Complaint.

77.     To the extent that the City has denied the averments in the preceding paragraphs, they are denied herein in response to Paragraph 77 of Plaintiffs' Original Complaint.

78.     Defendant City denies the averments contained in Paragraph 78 of Plaintiffs' Original Complaint.

79.     Defendant City denies the averments contained in Paragraph 79 of Plaintiffs' Original Complaint.

80.     Defendant City denies the averments contained in Paragraph 80 of Plaintiffs' Original Complaint.

81.     Defendant City denies the averments contained in Paragraph 81 of Plaintiffs' Original Complaint.

82.     To the extent that the City has denied the averments in the preceding paragraphs, they are denied herein in response to Paragraph 82 of Plaintiffs' Original Complaint.

83.     Defendant City admits that the Police Department had probable cause to believe that Defendant Vardi touched A.C. in an offensive manner and issued a Class C citation for Assault By Contact.  Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 83 of Plaintiffs' Original Complaint, and therefore must deny.

84.     Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 84 of Plaintiffs' Original Complaint, and therefore must deny.

85.     Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 85 of Plaintiffs' Original Complaint, and therefore must deny.

86.     Paragraph 86 of Plaintiffs' Original Complaint is not the type of averment to be admitted or denied.

87.     To the extent that the City has denied the averments in the preceding paragraphs, they are denied herein in response to Paragraph 87 of Plaintiffs' Original Complaint.

88.     Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 88 of Plaintiffs' Original Complaint, and therefore must deny.

89.     Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 89 of Plaintiffs' Original Complaint, and therefore must deny.

90.     Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 90 of Plaintiffs' Original Complaint, and therefore must deny.

91.     Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 91 of Plaintiffs' Original Complaint, and therefore must deny.

92.     Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 92 of Plaintiffs' Original Complaint, and therefore must deny.

93.     To the extent that the City has denied the averments in the preceding paragraphs, they are denied herein in response to Paragraph 93 of Plaintiffs' Original Complaint. Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 93 of Plaintiffs' Original Complaint, including sub-paragraphs (a) – (h) and therefore must deny.

94. To the extent that the City has denied the averments in the preceding paragraphs, they are denied herein in response to Paragraph 94 of Plaintiffs' Original Complaint.

95. Defendant City denies the averments contained in Paragraph 95 of Plaintiffs' Original Complaint.

96. Defendant City denies the averments contained in Paragraph 96 of Plaintiffs' Original Complaint.

97. Defendant City denies the averments contained in Paragraph 97 of Plaintiffs' Original Complaint.

98. Defendant City denies the averments contained in Paragraph 98 of Plaintiffs' Original Complaint.

99. Defendant City denies that it is liable to Plaintiffs for any damages, and denies that Plaintiff is entitled to any damages as alleged in Paragraph 99 of Plaintiffs' Original Complaint.

100. Defendant City admits the averments contained in Paragraph 100 of Plaintiffs' Original Complaint.

101. Defendant City denies that Plaintiff is entitled to any monetary or equitable relief as alleged in Plaintiffs' Original Complaint, Prayer.

102. Defendant City denies the averments contained in the Prayer paragraph of Plaintiffs' Original Complaint.

## II.
## AFFIRMATIVE DEFENSES

103. Plaintiffs' Original Complaint has failed to state a claim upon which relief may be granted.

104. Defendant City violated no duty owed to Plaintiffs.

105.    Without waiving any of the foregoing, to the extent that Plaintiffs seeks exemplary damages under common law from the City, such damages are not allowed for under common law -- a municipality is immune from exemplary damages.

106.    Without waiving any of the foregoing, Defendant City, a Texas home-rule municipality and governmental unit, specifically pleads, and states its intention to rely on the doctrine of governmental immunity in this matter and would show that the causes of action alleged against Defendant City are barred, in whole or in part, by the doctrine of governmental immunity.

107.    The City is immune from liability and from paying attorneys' fees under common law.

108.    The City affirmatively pleads that it cannot be held vicariously liable as a matter of law for any negligent and/or grossly negligent acts of its police officers and/or employees.

109.    To the extent that Plaintiff has alleged violations of Texas state law, and without waiving any of the foregoing, Defendant City, a Texas home-rule municipality, and a governmental unit, specifically pleads, and incorporates herein by reference, the provisions of the TEX. CONST. art. 11, § 13, and the provisions of the Texas Tort Claims Act. § 101.001, *et. seq.* TEX. CIV. PRAC. & REM. CODE. Defendant City specifically states its intention to rely on such provision of the Constitution and to further rely on each and every provision of the Texas Tort Claims Act in this matter, including, but not limited to, each and every defense; notice requirement; time limit; maximum liability limit; exclusion from liability; and prerequisite to suit provided in such Act.

110.    Defendant City affirmatively pleads that it cannot be held liable under the theory of *respondeat superior* for any of Plaintiff's federal law claims.

111.    To the extent that Plaintiff has alleged violations of Texas state law, and without waiving any of the foregoing, Defendant City incorporates by reference and states its intention to rely on all provisions of Chapter 33 of the Texas Civil Practice and Remedies Code in this matter, and would specifically show that, in the unlikely event any party is awarded damages against Defendant City in this cause, any such award must be reduced in accordance with the provisions of such Chapter.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant City of Fort Worth prays that this proceeding be dismissed, that Plaintiff takes nothing by this suit, and that Defendant City of Fort Worth be granted such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**Laetitia Coleman Brown**
Senior Assistant City Attorney
State Bar No. 00792417
*laetitia.brown@fortworthtexas.gov*

**Lynn Winter**
Assistant City Attorney
State Bar No. 24078135
*lynn.winter@fortworthtexas.gov*

**Office of the City Attorney**
200 Texas Street
Fort Worth, Texas  76102
817.392.7600
817.392.8359 Facsimile

***Attorneys for Defendant City of Fort Worth***

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2018, I manually filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas. The ECF system sent a "Notice of Electronic Filing" to the attorneys and parties of record, who have consented in writing to accept this Notice as service of this document by electronic means:

S. Lee Merritt
Merritt Law Firm, LLC
1910 Pacific Ave., Suite 11500
Dallas, Texas 75201
(888) 647-3041
(888) 339-2050 Fax
*slm@merrittatlaw.com*

Daryl K. Washington
Washington Law Firm, PC
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
(214) 880-4883
(214) 751-6685 Fax
*dwashington@dwashlawfirm.com*

*Attorneys for Plaintiffs*

Laetitia Coleman Brown